UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DUANE MICHAEL WOOD,

    Plaintiff,

v.

20TH JUDICIAL CIRCUIT OF FLORIDA, STATE ATTORNEY AMIRA FOX, KATHY SMITH, OFFICE OF THE PUBLIC DEFENDER; KEVIN C. KARNES, LEE COUNTY CLERK OF COURT; FORT MYERS POLICE DEPARTMENT, CARMINE MARCENO, LEE COUNTY SHERIFF'S OFFICE; LEE COUNTY OFFICE OF CORRECTIONS, FLORIDA DEPARTMENT OF CORRECTIONS, RON DESANTIS, STATE OF FLORIDA; MIKE GREENWELL, COUNTY OF LEE; MAYOR ANDERSON, CITY OF FORT MYERS; 6TH DISTRICT COURT OF APPEAL OF FLORIDA, CITY OF LAKELAND, COUNTY OF HENDRY, LAKELAND CITY POLICE DEPARTMEN, HENDRY COUNTY SHERIFF'S DEPARTMENT,

    Defendants,
_____/

Case No.: 2:25-CV-00432-JLB-KCD

**STANDING ORDER FOR INCARCERATED PRO SE PLAINTIFFS**

Before the Court is pro se Plaintiff Duane Michael Wood's Complaint, which the Fort Myers Division received on 5/23/2025.[1] (Doc. 1). This Order provides directives to Plaintiff, an incarcerated individual, in litigating this case. The Court expects Plaintiff to read this Order and follow all directions. It also encourages Plaintiff to visit the Court's website for information on proceeding without a lawyer, relevant forms, and other helpful information.[2]

Accordingly, it is **ORDERED**:

1. **Rules**: Although proceeding without counsel, Plaintiff must comply with the Federal Rules of Civil Procedure, Federal Rules of Evidence, Local Rules for the Middle District of Florida, and Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida, as well as all Court orders and instructions on forms. Failure to do so may cause the Court to strike documents and dismiss this case.

2. **Case Number**: This case has been assigned case number 2:25-cv-432-JLB-KCD. Plaintiff must include the entire case number (and letters) on all future filings with the Court. If Plaintiff does not include the case number, the filing will be returned without docketing.

3. **Filing Fee**: If not fully done so already, Plaintiff must—**within 30 days of initiating this suit**—either (a) prepay in full the $405.00 filing

---

[1] Any reference to "Plaintiff" and "Defendant" herein includes the singular and plural forms if applicable.

[2] The Court's website is https://www.flmd.uscourts.gov/litigants-without-lawyers.

fee; or (b) file a motion to proceed in forma pauperis that complies with 28 U.S.C. § 1915. For any motion to proceed in forma pauperis, Plaintiff **must** include (a) a certificate from an appropriate official at Plaintiff's place of confinement that shows all deposits into Plaintiff's account for the six-month period preceding filing the Complaint; and (b) an acknowledgment of filing fees form to be withdrawn from an inmate trust account. The Clerk, if appropriate, must attach to this Order the Court's motion to proceed in forma pauperis form.

    4.    **Filing Fee for In Forma Pauperis**: Even if the Court grants Plaintiff leave to proceed in forma pauperis, Plaintiff must still pay a $350 filing fee[3] until it is fully paid. **In forma pauperis status does not waive the filing fee**. Proceeding in forma pauperis only means that Plaintiff can proceed with this case without **prepaying** the filing fee. Rather than pay the filing fee upfront, Plaintiff will pay it in installments. After an initial payment, Plaintiff will make monthly payments of 20% of the preceding month's income credited to his/her account, and the agency having custody of Plaintiff must forward payments from Plaintiff's account to the Clerk each time the amount in the account exceeds $10.00 until the filing fee is paid. **Plaintiff must pay the entire filing fee even if the Court dismisses this case or Plaintiff is released from incarceration**.

---

[3] The $55.00 administrative fee is waived for incarcerated plaintiffs granted leave to proceed in forma pauperis.

5.      **Serving the Complaint and Summons**: If Plaintiff pays the filing fee, then Plaintiff must serve each named Defendant with the Complaint and Summons within **90 days** of filing the Complaint. *See* Fed. R. Civ. P. 4.

If Plaintiff is granted in forma pauperis status, the Court will direct service of the Complaint and Summons that Plaintiff must provide. Plaintiff must provide enough identifying information for the Court to direct service on each Defendant. Such information includes each Defendant's full name, title (if any), and physical address. If service cannot be accomplished on a Defendant because Plaintiff has not given enough information, or a Defendant remains unserved after using reasonable efforts to locate a Defendant, the Court will dismiss this case as to that Defendant. If Plaintiff sues only one Defendant and service cannot be achieved, the entire case will be dismissed.

6.      **Types of Filings**: Any documents filed with the Court must be either a pleading, motion, or notice. A pleading is the complaint, answer, and any amendments, along with other pleadings allowed by Federal Rule of Civil Procedure 7(a). A motion is a party's request for the Court to take a particular action or rule a particular way (for example, a motion to extend the discovery deadline). And a notice provides the Court relevant information but

does not ask the Court to act (for example, a notice of a change of address). All filings made with the Court must include the following information:

a. **Caption**: At the top of the document's first page, identify the Court's name (that is, United States District Court, Middle District of Florida, Fort Myers Division), all parties' full names, and case number. See this Order for an appropriate caption.

b. **Title**: Under the caption, title the document. Examples of titles include "Plaintiff's Motion to Extend Time" and "Plaintiff's Response to Defendant's Motion to Dismiss.

c. **Memorandum**: All motions must include—not as a separate document—a legal memorandum with citations to laws, cases, and other authority that support the relief requested. Unless the Court permits otherwise, a motion cannot exceed 25 pages in length and a response to a motion cannot exceed 20 pages.

d. **Signature**: Plaintiff must sign and print—under the penalty of perjury—Plaintiff's full legal name on all pleadings, motions, and notices filed with the Court. If a signature is missing, the Court will strike it and return to Plaintiff.

e. **Certificate of Service**: Once service is effected, Plaintiff must send copies of all future filings to Defendant and Defendant's attorneys and certify at the end of each filing that (i) Plaintiff

sent the copies, (ii) the date Plaintiff sent the document; (iii) how Plaintiff sent the document (for example, United States mail or FedEx); and (iv) the address where Plaintiff sent the document. This is called a "Certificate of Service."[4] Unless otherwise ordered by the Court, Plaintiff cannot mail copies to the Clerk's Office to be forwarded to Defendant. Plaintiff must mail copies directly to Defendant's attorneys even if proceeding in forma pauperis.

7. **Privacy Protection**: All filings must follow Federal Rule of Civil Procedure 5.2's privacy protection requirements.

8. **Format**: All filings must be legibly printed or typewritten on **one side** of 8 ½ x 11-inch white paper. If typewritten, the filing must be double-spaced and in at least 14-point Times New Roman or 13-point type in one of the following typefaces: Book Antiqua, Calisto MT, Century Schoolbook, Georgia, or Palatino. Failure to meet the formatting requirements may cause the Court to return the documents without docketing or strike them after docketing.

9. **Responding to Motions**: Plaintiff must timely respond to any motion as set forth below. If not, the Court will assume Plaintiff does not oppose the relief requested and decide the motion as if it is unopposed. If

---

[4] A sample certificate of service reads, "I hereby certify that a true and correct copy of the foregoing has been furnished by [U.S. Mail, hand delivery, fax, etc.] to [Name and address of opposing counsel] on this [Date]." The Certificate of Service must be signed.

Plaintiff misses a deadline, Plaintiff must move the Court to allow a late response.

    a.    **Motions to Dismiss**: If any Defendant files a motion to dismiss the operative complaint, Plaintiff must file either a response to the motion or an amended complaint within **21 days** from the date the motion is filed. See Fed. R. Civ. P. 15(a)(1)(B).

    b.    **Motions for Summary Judgment**: If a Defendant files a motion for summary judgment, Plaintiff must file a response to the motion within **35 days** from the date the motion is filed.

    c.    **All Other Motions**: For all other motions any Defendant files, Plaintiff must file a response **14 days** after Defendant files the motion. See M.D. Fla. R. 3.01(c) (a response is due **21 days** after the filing of a motion for judgment on the pleadings, to exclude or limit expert testimony, for a new trial, or to alter or amend the judgment).

10.    **Records and Copies**: Plaintiff should keep one copy of all documents filed or received in this case for Plaintiff's personal records. If Plaintiff needs a copy from the Clerk's Office, it will cost $0.50 per page—even if Plaintiff is proceeding in forma pauperis. Any motion requesting copies must include a check or money order to cover the costs of copying.

Failure to include the check or money order may result in the Court denying any motion for copies.

11. **Change of Address**: Plaintiff must always keep the Court updated with Plaintiff's current mailing address. Plaintiff shall **promptly** tell the Court, in writing, of any change to Plaintiff's mailing address and the effective date of the change. The Court will not otherwise know if Plaintiff is transferred or released from custody. And if the Court and Defendant do not have Plaintiff's current mailing address, Plaintiff cannot receive orders, filings, and other documents in this case. **If Plaintiff does not keep the Court appraised of his/her current address, the Court may dismiss this case without further notice for failure to prosecute or as a sanction**.

12. **Communication with the Court**: Plaintiff (and his/her family, friends, or acquaintances) cannot write, call, or otherwise contact the judges or their staff.  Nor can Plaintiff send pleadings, motions, notices, or other documents directly to the assigned district and magistrate judges. The only way to communicate with the Court is by filing a pleading, motion, or notice by way of the Clerk's Office. **Any paper submitted directly to a judge rather than the Clerk's Office will be returned**. Also, any inquiries about this case must be in writing and addressed to the Clerk's Office. Court staff can NOT provide legal advice.

**DONE and ORDERED** in Fort Myers, Florida on May 27, 2025.

/s/ *Sheri Polster Chappell*
Sheri Polster Chappell
United States District Judge

/s/ *John Badalamenti*
John Badalamenti
United States District Judge

/s/ *John E. Steele*
John E. Steele
Senior United States District Judge

/s/ *Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge

/s/ *Nicholas P. Mizell*
Nicholas P. Mizell
United States Magistrate Judge